## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

DAISY ANNETTE SANTIAGO

v.                                                    **CASE NO.:** 97-2737 (DRD)

OSVALDO RIOS ALONSO

## ORDER

Pending before the Court is defendant's motion for summary judgment filed on December 21, 1998 (Docket No. 29), defendant's motion for partial summary judgment also filed on December 21, 1998 (Docket No. 30), defendant's statement of uncontroverted facts filed on February 1, 1999 (Docket No. 41), plaintiff's opposition to defendant's motion for summary judgment filed on March 26, 1999 (Docket No. 48), and plaintiff's response to this Court's order to show cause why the instant complaint should not be dismissed for failure to state a claim under the Violence Against Women Act, 42 U.S.C. § 13981. (Court's Order, Docket No. 55; plaintiff's response, Docket No. 61).

### I

### Statement of Claim Under VAWA

On December 21, 1998, defendant presented a motion seeking dismissal of the instant complaint for failure to state a cause of action under the Violence Against Women Act, 42 U.S.C. § 13981 ("VAWA"). (Docket No. 29) On June 28, 1999, this Court ordered plaintiff to "state which acts by defendant constitute 'crimes of violence' and, pursuant to § 13981 (d)(2)(A), specify the predicate felony offense said acts qualify under." In addition, plaintiff was directed "to state sufficient facts to show that the alleged acts of violence were motivated by defendant's animus to

1

plaintiff's gender." (Docket No. 55)

On July 6,1999, plaintiff adequately complied with the aforementioned order. (Docket No. 61) Plaintiff's responding motion lists the felonies which defendant allegedly committed against her[1] and states sufficient facts which, if believed, would allow a jury to make a reasonable inference that defendant acted out of animus against her gender.[2]    Accordingly, this Court finds that plaintiff has alleged sufficient facts to state a claim under VAWA and defendant's motion for summary judgment is hereby **DENIED** because said motion based on animus due to gender is fraught with issues of motive and intent not susceptible of disposition at this time via summary judgment standards.[3]

## II

---

[1] Plaintiff's motion alleges that defendant's acts constituted the following felonies under Puerto Rico's laws: rape, P.R. Laws Ann. tit. 33 § 4061 (1983); lascivious acts, P.R. Laws Ann. tit. 33 § 4067 (1983); attempted homicide, P.R. Laws Ann. tit. 33 § § 3121 and 4004 (1983); aggravated restriction of liberty, 33 P.R. Laws Ann. tit. 33 § 4172 (1983); and violations to Articles 3.1 and 3.2 of Puerto Rico's Domestic Violence Law, 1989, P.R. Laws No. 54.

[2] Contrary to what defendant argues, plaintiff's allegation that defendant raped her is sufficient to meet the VAWA's animus requirement. See to that effect: Anisimov v. Lake, 982 F.Supp. 531, 541 (N.D.Ill. 1997) ("Although Congress clearly did not intend to designate rape as a per se 'crime of violence motivated by gender,' the cases where it is not would appear to this Court to be few and far between"); McCann v. Rosquit, 998 F.Supp. 1246 (D.Utah 1998) (while there are a variety of abuses suffered by women on account of their gender, the focus of VAWA is to provide a remedy for victims of violent acts, including rape); and Braden v. Wiggly, 4 F.Supp. 2d 1357 (M.D.Ala. 1998) (a plaintiff's claim may proceed where, in addition to the crime of violence, there is harassing sexual behavior, unwanted sexual advances, or actual statements to suggest that the defendant targeted the plaintiff because of her sex).

[3] The summary judgment couched on lack of gender animus is based on factual issues of motive and intent which are normally not to be decided at summary judgment level. Oliver v. Digital Equipment Corp., 846 F.2d 103, 107 (1st Cir. 1988); Coll v. PB Diagnostic Systems, 50 F.3d 1115, 1121 (1st Cir. 1995). "We have advocated a cautious approach to summary judgment motions where issues of motive and intent must be resolved." See also Lipsett v. University of Puerto Rico, 864 F.2d 881, 895 (1st Cir. 1988). Further, "summary judgment should be used sparingly... when motive and intent play leading roles." Poller v. Columbian Broadcasting Systems, 368 U.S. 464, 82 S.Ct. 486, 491 (1962).

2

Also on December 21, 1999, defendant filed a motion seeking partial summary judgment of claims barred under Puerto Rico's statute of limitations and dismissal of alleged constitutional violations.  (Docket No. 30) We proceed to discuss each one of these separately.

### A

### Plaintiff's Complaint is Time Barred

Both parties to this case agree that VAWA does not set forth an applicable statute of limitations, and that this being the case, the applicable statute is the one year limitations period set forth in Article 1868 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31 § 5298 (1990).[4]  Both parties also agree that plaintiff's claim is based on incidents which occurred on February or March of 1996, May of 1996, September of 1996 and November 24, 1996.  The parties do not agree, however, as to when the limitations period began to run and which incidents are barred from being asserted as elements of plaintiff's claim.

On the one hand, defendant asserts that plaintiff's claim is based on a series of independent events and that the statute of limitations applies independently to each one of them.  Consequently, those events which occurred before November 20, 1996 are barred from consideration, leaving only a claim based on the events of November 24, 1996.  On the other hand, plaintiff argues that the acts on which her claim is based were a "series of continuing unlawful acts which were part of an abusive

---

[4] In the absence of an applicable federal statute of limitations, federal courts will look to the law of the state or territory in which the claim arose, in this case Puerto Rico, and apply the statute of limitations of the state cause of action which most assimilates to the federal cause of action. Felder v. Casey, 487 US 131, 108 S.Ct. 2302 (1988); West v. Conrail, 481 US 35, 107; 107 S.Ct. 1538 (1987).  In Puerto Rico, civil rights discrimination actions are subject to the one year statute of limitations period of Article 1868 of the Civil Code, P.R. Laws Ann. tit. 31 § 5298 (1990). Olmo v. Young & Rubicam of PR, Inc., 110 D.P.R. 740 (1981).

AO 72A
(Rev.8/82)

relationship causing the battered woman syndrome". It was not until the last of these events, which occurred on November 24, 1996, that the statute of limitations began to run. Plaintiff filed her complaint on November 20, 1997, hence, none of the events alleged in her claim are barred from consideration.

### Standard for Summary Judgement

The function of summary judgment is "to pierce the boilerplate of the pleadings and examine the parties' proof to determine whether a trial is actually necessary" <u>Vega-Rodriguez</u> v. <u>Puerto Rico Telephone Co.</u>, 110 F.3d 174, 178 (1st Cir. 1997) (citing <u>Wynne</u> v. <u>Tufts Univ. Sch. of Med.</u>, 976 F.2d 791, 794 (1st Cir. 1992)). A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . ." Fed. R. Civ. P. 56(c). "To defeat a motion for summary judgment, the nonmoving party must demonstrate the existence of a trial worthy issue as to some material fact." <u>Cortés-Irizarry</u> v. <u>Corporación Insular</u>, 111 F.3d 184, 187 (1st Cir. 1997). "In applying this formulation, a fact is 'material' if it potentially affects the outcome of the case", <u>Vega-Rodríguez</u>, 110 F.3d at 178, and "genuine" "if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." <u>Cortés-Irizarry</u>, 111 F.3d at 187. The Court may not make, while "patroll[ing] by Rule 56", any "credibility determinations" nor "measured weighting of conflicting evidence." <u>Greenburg</u> v. <u>Puerto Rico Maritime Shipping Auth.</u>, 835 F.2d 932, 936 (1st Cir. 1987).

Defendant's motion for partial summary judgement certainly meets the above requirements. There is no controversy as to whether the facts underlying plaintiff's claim occurred, nor as to the date of their occurrence. The only controversy that remains to be solved is whether plaintiff's claim

is barred as to those facts which occurred more than one year prior to the filing of plaintiff's complaint. This is a controversy of law which may be adequately disposed of by the Court through a summary judgment.

### Application of Statute of Limitations

After considering both parties' positions as to the timeliness of plaintiff's complaint, this Court concludes that plaintiff's claim is not barred as to any of the incidents of violence for which she seeks compensation. Surprisingly, none of the parties in this case addressed the doctrine of "serial violations" delineated by the First Circuit in Jensen v. Frank, 912 F.2d 517, 522-523 (1st Cir. 1990) and Sabree v. United Broth. of Carpenters and Joiners, 921 F.2d 396, 400 (1st Cir. 1990); and followed by this Court in Borrero-Rentero v. Western Auto Supply Co., 2 F.Supp.2d 197 (D.P.R. 1998).[5] Nonetheless, these cases provide the applicable rule of law for this case.

"A serial violation is defined as 'a number of discriminatory acts emanating from the same discriminatory animus, each constituting a separate wrong actionable... [A]t least one act in the series must fall within the limitations period.' Sabree, 921 F.2d at 400 (citing Mack v. Great Atlantic Pacific Tea Co., 871 F.2d 179, 183 (1st Cir. 1989)). Once a single claim in the series falls within the limitations period, a plaintiff may 'reach back' to other past acts, at least as 'relevant background evidence.' United Airlines Inc. v. Evans, 431 U.S. 553, 5530-558; 97 S.Ct. 1885 (1977), 52 L.Ed.2d 571 (1977); Sabree, 921 F.2d at 400 n.9." Borrero-Rentero, 2 F.Supp.2d at 201.[6]

---

[5] In the cases of Jensen and Sabree, the Court also discussed, within the doctrine of continuous violation, the doctrine of "systemic violation". Jensen, 912 F.2d at 522-533.

[6] Under Sabree, 921 F.2d at 401, the Court adopted from other circuits the following norm: "[O]nce having shown discrimination continuing into the actionable period... the plaintiffs may also recover for portions of the persistent process of illegal discrimination that antedated the

In the instant case there is no doubt, pursuant to the summary judgment standard, that an alleged crime of violence motivated by gender occurred within the 1 year limitations period set forth by Puerto Rican law. Thus, plaintiff's claim is certainly actionable as to the events which transpired on November 24, 1996. Further, because the events predating the limitations period are alleged to be part of the same series of discriminatory acts as the event which transpired on November of 1996, those previous events are also actionable under the doctrine of "serial violations". Thus, plaintiff's claim is not barred as to any of the events alleged in her complaint and defendant's motion for partial summary judgment is hereby **DENIED.**

### B

### Constitutional Claims

Plaintiff's complaint alleges that defendant violated her constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments. Plaintiff does not allege that defendant's acts involved state action, nor does she allege the violation of specific rights under any of the mentioned Amendments.

The safeguards against the deprivation of individual liberties contained in the Fourth, Fifth, Eigth and Fourteenth Amendments to the United States Constitution apply only to activities of either the state or federal governments.[7]   See <u>American Manufacturers Mutual Insurance Company</u> v.

---

limitations period." [Citations omitted.] <u>See also</u> <u>Id</u>. at 400 n.9.

[7] Surprisingly, plaintiff did not make a specific allegation at paragraph 16 of the complaint (Docket No. 1) under Puerto Rico's Constitution. The Constitution of Puerto Rico would apply in the instant case ex proprio vigore, meaning that no state action or state actor would be required. <u>Bonilla Medina</u> <u>v. Partido Nuevo Progresista</u>, 96 CDT 37, 1996 WL 539089 (1996); <u>Colon v. Romero Barceló</u>, 112 D.P.R. 573, 576 (1982); <u>Figueroa Ferrer v. E.L.A.</u>, 107 D.P.R. 250 (1978); <u>E.L.A. v. Hermandad de</u> <u>Empleados</u>, 104 D.P.R. 436 (1975); <u>Alberio Quinones v. E.L.A.</u>, 90 D.P.R. 812 (1964); <u>González</u>

AO 72A
(Rev.8/82)

<u>Sullivan</u>, 199 S.Ct. 977 (1999); <u>Lugar</u> v. <u>Edmondson</u>, 457 US 922, 102 S.Ct. 2744 (1982). <u>See also</u>: 2 Rotunda & Nowak, <u>Treatise on Constitutional Law: Substance and Procedure</u> § 16.1 (2d ed. 1992). Plaintiff's lack of assertions which even suggest that defendant's acts meet this state action requirement, added to defendant's uncontroverted statement that between May of 1995 and November 24, 1996, he was neither a federal or state employee, agent or official (Statement of uncontroverted facts, pg. 6, parragraph 16, Docket No.41), is enough to find that plaintiff has failed to state a claim under the Bill of Rights and Fourteenth Amendment to the United States Constitution.

Futhermore, even if plaintiff alleged that state action was present in this case, plaintiff's allegations are too vague to satisfy Rule 8(a) of the Federal Rules of Civil Procedure. Although Rule 8(a) does not require a claimant to set out in detail the facts upon which he bases his claim, plaintiff's pleadings must be specific enough so as to "give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests". <u>Conley</u> v. <u>Gibson</u>, 355 US 41, 47; 78 S.Ct. 99, 104 (1957). Merely stating that defendant violated her rights under the Fourth, Fifth, Eigth and Fourteenth Amendments of the United States Constitution is not enough.

Defendant's motion to dismiss as to the quashing of causes of action under the Fourth, Fifth, Eighth, and Fourteenth Amendments is, therefore, **GRANTED**.

**DATE:** August 27, 1999

DANIEL R. DOMINGUEZ
U.S. District Judge

N \SUMJUDGT\97-2737 SUM

---

v. <u>Ramírez Cuerda</u>, **88** D.P.R. 125 (1963).

7