UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAISY ANNETTE SANTIAGO

V.                          CASE NUMBER: 97-2737 (DRD)

OSVALDO RIOS ALONSO

**ORDER**

The Court hereby rules as follows:

| Docket No. | Ruling | Title & Date |
|---|---|---|
| 28 | **GRANTED IN PART/ DENIED IN PART** | Motion insisting on discovery..., December 11, 1998 (see below) |
| 37 | **NOTED** | Motion requesting the court to grant..., January 14, 1999 (see below) |
| 48 | **MOOT IN PART/ NOTED IN PART** | Plaintiff's motion informing status..., March 25, 1999 (see below) |
| 57 | **GRANTED** | New motion requesting stay in discovery..., June 30, 1999 (see below) |
| 60 | **GRANTED** | Motion to seal, July 6, 1999 |
| 71 | **GRANTED** | Motion for extension of time, September 1, 1999 |
| 73 | **NOTED** | Plaintiff's motion in compliance with..., September 3, 1999 (see below) |

**As to Dockets No. 28, 37, 48, & 57**:

On December 14, 1998 and again on January 14, 1999, defendant filed a motion seeking discovery of plaintiff's personal and family medical history under FED. R. CIV. PROC. 35. (Dockets No. 28 & 37). After nearly nine (9) months plaintiff has not opposed this motion, nor does the Court find a barrier to said discovery in the psychotherapist-patient privilege recognized in Jaffee v. Redmond, 578 U.S. 1, 116 S.Ct. 1923 (1996). Plaintiff has placed her mental health in controversy by asserting mental injuries as a result of defendant's conduct against her and by invoking the battered woman syndrome. Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234 (1964). Plaintiff's personal and family **mental medical history** is, therefore, relevant to her complaint and, thus, **subject to discovery** by defendant. Plaintiff's personal and family **physical medical history** is **not subject to discovery**, however, for defendant has not placed the Court in an adequate position to make such a determination. Defendant's motion is



**GRANTED** as to plaintiff's personal and family **mental medical history**, **DENIED** as to plaintiff's personal and family **physical medical history**.

Notwithstanding the above, plaintiff need not produce her mental medical history at this time. One June 30, 1999, defendant requested a stay of all discovery pending the Court's resolution of defendant's motion to dismiss for lack of subject matter jurisdiction due to the unconstitutionality of the Violence Against Women Act. (Docket No. 57.) Plaintiff has not opposed said petition and the Court finds that it is in the best interest of the administration of justice and conservation of resources to stay all discovery pending resolution of defendant's motion to dismiss. Accordingly, all **discovery is stayed** until resolution of defendant's motion to dismiss.

As a result of the above, plaintiff's request for enlargement of time to examine defendant is hereby rendered **moot**. (Docket No. 48).

## As to Docket No. 60:

Defendant has filed a motion (Docket No. 64) expressing no opposition to plaintiff's request to seal documents. Plaintiff's request is therefore **GRANTED.**

## As to Docket No. 71:

Defendant is granted until September 30, 1999, to submit his brief in opposition to the United States' memorandum in support of the constitutionality of the Violence Against Women Act.

## As to Docket No. 73:

Plaintiff is found to have complied in part with the Court's August 23, 1999, order. In said order the Court granted plaintiff an extension of time to fully oppose defendant's motions seeking a stay of discovery and dismissal of the cause of action. Plaintiff has complied as to the dismissal, not as to the stay of discovery. Defendant's motion for a stay of discovery is therefore considered as unopposed.

DATE: September 14, 1999

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

Rec'd:     EOD:

By:     #