# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**DAISY ANNETTE SANTIAGO RIVERA**

**v.**                                                    **Civ. No. 97-2737(DRD)**

**OSVALDO RIOS ALONSO**

## ORDER

On April 16, 2000, defendant filed a Motion Requesting Taxation of Costs. (Docket No. 94). Thereafter, on April 19, 2000, defendant filed a Motion Requesting Imposition of Legal Fees Pursuant to Rule 68 of the Federal Rules of Civil Procedure. (Docket No. 95). The Court, on May 8, 2000, granted plaintiff ten days to show cause why attorney's fees should not be granted. (Docket No. 98). On May 16, 2000, plaintiff opposed defendant's motions requesting attorney's fees and costs. (Docket No. 102). Defendant filed a reply to plaintiff's opposition on January 22, 2001. (Docket No. 109). Then, on January 31, 2001, plaintiff filed Plaintiff's Request for Leave to Reply to Plaintiff's Opposition to Motion Requesting Imposition of Costs and Legal Fees. (Docket No. 110). Defendant avers that as a prevailing party he is entitled to costs pursuant to Fed.R.Civ.P. 54(d) (Docket No. 94) and attorney's fees pursuant to Fed.R.Civ.P. 68 (Docket No. 95). For the following reasons, defendant's request for attorney's fees and costs is hereby **GRANTED** as to costs and **DENIED** as to attorney's fees.

Pursuant to Fed.R.Civ.P. 54(d)
"Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . "
Defendant requests the Court to grant costs incurred as to the transcript of plaintiff's deposition for a total sum of $1,411.50. (Docket No. 94, Exh. 1). These expenses are considered "costs" which are taxed by the clerk against the losing party. See 28 U.S.C. § 1920. Therefore, defendant's request for costs is **GRANTED**. Plaintiff is to pay defendant to total sum of $1,411.50 for costs incurred in obtaining plaintiff's deposition transcripts.

Now, the Court will address defendant's request for attorney's fees. The federal statute that conferred jurisdiction to this Court over the above captioned case is the Violence Against Women Act ("VAWA"), 42 U.S.C. §§ 1391 et seq. Plaintiff also included local claims against defendant. (Docket No. 1). Section 1988 provides that the Court in its discretion may allow the prevailing party to recover attorneys' fees as part of costs in any action or proceeding to enforce 42 U.S.C. §§ 1981, 1981a, 1982, 1983, 1985, 1986, Title IX, Title VI, the Religious Freedom Restoration Act or the Violence Against Women Act. See 42 U.S.C. § 1988. "Although courts are most often faced with motions for attorney's fees by prevailing plaintiffs, the statutes empower courts to grant fee requests by whichever party prevails." Tang v. State of Rhode Island Department of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998).

Decisions to award attorney's fees to defendants are very rare, however, "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in

subjective bad faith." Id. (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694 (1978). The Supreme Court concluded in Christiansburg Garment Co., 434 U.S. at 420, 98 S.Ct. at 699, that the purpose of awarding attorneys' fees to a defendant in a civil rights case is to deter frivolous or harassing litigation; the fact that a defendant is insured is irrelevant to this purpose. Nothing in the record seems to suggest that plaintiff was frivolous, unreasonable or without foundation when filing the complaint. In fact, the dismissal judgment entered by the Court anticipated a decision by the Supreme Court wherein the statue was declared unconstitutional. See United States v. Morrison, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000). The case was therefore, not frivolous, unreasonable, or without foundation since at the time of filing and litigation the close Supreme Court decision had not been entered. Therefore, defendant's request for attorney's fees as part of costs is **DENIED**.

      IT IS SO ORDERED.

**February 1 , 2001**

**DANIEL R. DOMINGUEZ**
**U.S. District Judge**