UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DAISY ANNETTE SANTIAGO RIVERA,**
**Plaintiff,**

v.                                                    **Case Number: 97-2737(DRD)**

**OSVALDO RIOS ALONSO,**
**Defendant.**

## ORDER

Pending before the Court are Docket Nos. 110, 112 and 113.  The Court rules as follows:

| Docket No. | Ruling | Motion |
|---|---|---|
| 110 | MOOT | Plaintiff's Request for Leave to Reply to the Defendant's Reply to Plaintiff's Opposition to Motion Requesting Imposition of Costs and Legal Fees. |
| 112 | GRANTED | Plaintiff's Motion to Reconsider the Court's February 1, 2001 Order Granting of Costs to Defendant. |

On February 7, 2001, plaintiff filed a motion requesting the Court to reconsider the Order issued on February 1, 2001 granting costs to defendant in the above captioned case under Fed. R. Civ. P. 54(d)(1) for deposition transcripts.  To date, no opposition has been filed by defendant. Plaintiff avers that the Court should exercise its discretion in denying defendants recovery of costs, because (1) defendant is responsible for his decision to conduct a "lengthy and burdensome deposition of plaintiff which transcript he now wants reimbursed; (2) defendant "engaged in efforts to avoid complying with discovery such as the taking of his deposition by alleging self incrimination, knowing that he had a pending criminal case concerning the same facts alleged in the complaint;" and (3) "the court had ample evidence in the record of the violent acts and attacks the defendant perpetrated against the plaintiff" and that "where it not for the constitutional ruling by the Fourth Circuit and eventually the U.S. Supreme Court, plaintiff had very good chances of prevailing in the case at bar." (Docket No. 112).

Pursuant to Fed. R. Civ. P. 54(d) "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . " Fed. R. Civ. P. 54(d) confers on the Court sound discretion in the award of costs to a prevailing party.  See Farmer v. Arabian American Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248

Page 1

(1964); <u>In re San Juan Dupont Plaza Hotel Fire Litigation</u>, 142 F.R.D. 41, 46 (D.P.R. 1992); <u>Simonds v. Guaranty Bank & Trust Co.</u>, 480 F.Supp. 1257, 1261 n.3 (D.Mass. 1979). District courts have denied prevailing parties costs on the grounds that the costs incurred were not necessary, the losing party prosecuted the action in good faith and/or the issues presented by the losing party were difficult, novel, or complex. <u>See</u> Wright, Miller & Kane, <u>Federal Practice and Procedure</u>: Civil 3d § 2668. In addition, as to the issue of the taxability of expenses incurred in the taking of depositions, it has been established that the district court has discretionary authority over the matter. <u>Id.</u> Generally, the expenses relating to a deposition may taxed as costs when the deposition is introduced to the Court as evidence or at trial. <u>See</u> <u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245 (1st Cir. 1985). However, a court may refuse to allow the taxation of costs for depositions when the depositions were attained at the pre-trial stage for preparation purposes. <u>See</u> <u>Emerson v. National Cylinder Gas Co.</u>, 251 F.2d 152 (1st Cir. 1958).

Here, the Court exercises its discretion and grants plaintiff's request for the Court to deny defendant costs in this case. First, plaintiff prosecuted the above captioned case in good faith. Second, nothing in the record shows that the taking of plaintiff's deposition at the preparatory stage of this case was necessary. Third, the defendant is responsible for his decision to conduct a "lengthy and burdensome deposition of plaintiff which transcript he now wants reimbursed." (Docket No. 112). Finally, and more importantly, the deposition transcripts were not introduced as evidence or used at trial in this case. <u>See</u> <u>Templeman</u>, 770 F.2d at 249 (1st Cir. 1985). Accordingly, plaintiff's motion for reconsideration is **GRANTED**. The Court's February 1, 2001 Order is **vacated**. The defendant's request for costs in this case is **denied**.

| | **113    DENIED** | **Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.** |

On February 8, 2001, defendant filed a Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Docket No. 113). To date, plaintiff has not opposed said motion. In the motion for reconsideration, defendant requests the Court to reconsider its February 1, 2001 decision, because, although the Court concluded that legal fees were not to be awarded by defendant based on plaintiff's lack of temerity, "pursuant to Rule 68 of the Federal Rules of Civil Procedure [temerity] is immaterial." (Docket No. 113). In addition, defendant avers that the offer made to plaintiff pursuant to Fed. R. Civ. P 68 is enough for an award of attorney's fees in this case. (Docket No. 113).

Fed. R. Civ. P. 68 provides, in pertinent part, as follows:

"At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... If [the offer is rejected and] the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

Fed. R. Civ. P. 68. "Rule 68 applies <u>only</u> when a plaintiff/offeree obtains an award that is less than the offer of judgment, and not when the plaintiff/offeree loses the suit in its entirety." Gil de

Page 2

Rebollo v. Miami Heat Associations, Inc., 137 F.3d 56, 66 (1ˢᵗ Cir. 1998). See Delta Air Lines, Inc. v. August, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981); Ganapolsky v. Keltron Corp., 823 F.2d 700, 701-02 (1st Cir.1987). Thus, Rule 68 is inapplicable in cases in which the defendant prevails. See Delta Air Lines, Inc., 450 U.S. at 352, 101 S.Ct. at 1150 (The Supreme Court affirmed the case on the grounds that Rule 68 offers have no effect if the defendant wins, because the plaintiff does not obtain judgment "more favorable or not" in that situation.). In this case, defendant, the prevailing party to this cause of action, is requesting the Court to reconsider its decision pursuant to Rule 68. However, as above stated, a prevailing defendant may not invoke the application of Fed. R. Civ. P. 68, because it is not an offeree within the meaning of Rule 68. See Delta Air Lines, Inc., 450 U.S. at 352, 101 S.Ct. at 1150; Gil de Rebollo, 137 F.3d at 66. Accordingly, the Court concludes that defendant's allegations in favor of his motion for reconsideration are unsound. Hence, defendant's motion for reconsideration is hereby **DENIED.**

IT IS SO ORDERED.

June 8
~~May~~ ___, 2001

**DANIEL R. DOMINGUEZ**
**U.S. District Judge**